JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
JESUS SOBERAL

**DEFENDANTS**
CITY OF PHILADELPHIA, POLICE OFFICER JOHN DOE #1 AND POLICE OFFICER JOHN DOE #2

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  PHILA.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  PHILA.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ALAN E. DENENBERG, ESQUIRE
ABRAMSON & DENENBERG, P.C.
1315 WALNUT ST., 12TH FLOOR
PHILA., PA. 19107   (215) 546-1345

ATTORNEYS (IF KNOWN)
unknown

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>**PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §1331 and §1343

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instructions): NONE
JUDGE _____   DOCKET NUMBER _____

DATE  10/7/13
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JESUS SOBERAL | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, POLICE OFFICER JOHN DOE #1 POLICE OFFICER JOHN DOE #2 | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   (x)

10/7/13
Date

Attorney-at-law

ALAN E. DENENBERG, ESQ.
Attorney for   PLAINTIFF

(Civ. 660) 7/95

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **820 SUSQUEHANNA AVENUE, PHILA., PA. 19111**

Address of Defendant: **1515 ARCH STREET, 14TH FLOOR, PHILA., PA. 19102**

Place of Accident, Incident or Transaction: **PHILADELPHIA, PA.**

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

CIVIL. (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **ALAN E. DENENBERG, ESQ.**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: **10/7/13** _____ **54161**
Attorney-at-Law — Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/7/13** _____ **54161**
Attorney-at-Law — Attorney I.D.#

CIV 609 (9/99)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS SOBERAL<br>820 SUSQUEHANNA AVENUE<br>PHILADELPHIA, PA 19111<br><br>V.<br><br>CITY OF PHILADELPHIA<br>1515 ARCH STREET 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>POLICE OFFICER JOHN DOE #1<br>1515 ARCH STREET 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>POLICE OFFICER JOHN DOE #2<br>1515 ARCH STREET 14TH FLOOR<br>PHILADELPHIA, PA 19102 | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br>NO. |

## COMPLAINT

1. Plaintiff, Jesus Soberal, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

2. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendants, Police Officer John Doe #1 and Police Officer John Doe #2, were at all material times employed as Police Officers with the City of Philadelphia.

4. Police Officer John Doe #1 and Police Officer John Doe #2 are being sued both individually and in their official capacity as officers, agents and/or employees of defendant, City of Philadelphia.

5. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training, disciplining and supervising police officers

working in the Philadelphia Police Department, including in particular defendants, Police Officer John Doe #1 and Police Officer John Doe #2.

6. At all material times, defendants, Police Officer John Doe #1 and Police Officer John Doe #2 acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the Philadelphia Police Department, and the defendant, City of Philadelphia.

7. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over any State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction

8. Venue is proper under 28 U.S.C. §1391(b) because this incident occurred in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

9. On or about October 6, 2011, the plaintiff, Jesus Soberal was being held as a pre-trial detainee at the 24th District Police Station.

10. The toilet in Plaintiff's holding cell had overflowed and spilled dirty water, urine and feces on the floor.

11. The plaintiff slipped and fell on the mess and began loudly complaining.

12. Defendants, Police Officer John Doe #1 and Police Officer John Doe #2, entered the plaintiff's cell and subjected him to excessive force. Specifically, the defendants repeatedly struck and kicked Mr. Soberal in the face, head and back, before handcuffing him and deliberately dragging him through the feces on the floor.

13. The plaintiff was already incarcerated, was lying on the floor, was not resisting arrest or posing any threat to any person, and the force that was used against him was excessive, unnecessary and unreasonable under the circumstances.

14. As a direct and proximate result of the actions of defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2, as more fully set forth above, the plaintiff suffered serious personal injuries, including but not limited to, the following:

    a. **A small fracture/chip of the front incisor, Tooth # 8;**
    b. **Brachial neuritis/radiculitis;**
    c. **Cervical intervertebral disc syndrome;**
    d. **Segmental/somatic dysfunction of the thoracic spine;**
    e. **Headache syndrome; and**
    f. **Muscle spasms.**

15. As a further result of the actions of defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2, the plaintiff has suffered agonizing aches and severe physical pains, disability, mental anguish and humiliation, and will continue to suffer same for an indefinite time in the future, to his great detriment and loss.

16. As a further direct and proximate result of the above, the plaintiff, Jesus Soberal, has been and will be obliged to undergo medical care, and to incur various expenses for the diagnosis and treatment of his injuries, to his great detriment and loss, which expenses to date include, but are not limited to the following:

| | |
|---|---|
| Temple University Hospital – Episcopal<br>Emergency and Radiology Departments<br>10/07/11 | $10,830.96 |
| Prison Health Services Department<br>10/08/11 – 10/12/11 | $0.00 |
| Philadelphia Pain Management<br>Dr. Peter Schatzberg<br>12/28/11 – 8/10/12 | $2,007.00 |
| Paradise Dental<br>3/19/13 | *Bill Pending* |
| **TOTAL:** | **$12,837.96** |

## COUNT I - 42 U.S.C. §1983
## FOURTEENTH AMENDMENT DUE PROCESS CLAUSE - EXCESSIVE FORCE
## JESUS SOBERAL v. POLICE OFFICER JOHN DOE #1 AND
## POLICE OFFICER JOHN DOE #2

17. Paragraphs 1-16 are incorporated by reference as though fully set forth herein.

18. As aforesaid, defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2 deprived the Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from the use of excessive force; all of which actions violated the plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States

19. As aforesaid, defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2 intentionally, wantonly, maliciously, and sadistically abused the Plaintiff and used their position of authority, illegally and improperly to punish the Plaintiff, by the above described actions, all of which violated the Plaintiff's rights under the Fourteenth Amendments to the Constitution of the United States.

20. As a direct and proximate result of the malicious, intentional and wanton actions of the defendants, the Plaintiff, Jesus Soberal, suffered injuries as described above.

21. The actions of the defendants, in their individual capacities, were so intentional and malicious, and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Jesus Soberal, demands compensatory and punitive damages against defendants, Police Officer John Doe #1 and Police Officer John Doe #2, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT II - 42 U.S.C. §1983
## BYSTANDER LIABILITY
## JESUS SOBERAL v. POLICE OFFICER JOHN DOE #1 AND POLICE OFFICER JOHN DOE #2

22. Paragraphs 1-21 are incorporated by reference, as though fully set forth at length.

23. Defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2, were present when the Plaintiff's constitutional rights were violated.

24. Defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2, knew or had reason to know that the Plaintiff was suffering excessive force and further had reason to know that this violated his constitutional rights.

25. Defendants had both a duty, and a realistic opportunity to intervene and prevent the harm from occurring, but their failed and/or refused to do so.

26. Defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2, failure to intervene and halt the unconstitutional conduct of any and all of the above named Defendants, resulted in the Plaintiff sustaining the injuries as set forth above.

**WHEREFORE**, Plaintiff, Jesus Soberal, demands compensatory and punitive damages against defendants, Police Officer John Doe #1 and Police Officer John Doe #2, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT III - 42 U.S.C. §1983
## CONSPIRACY
## JESUS SOBERAL v. POLICE OFFICER JOHN DOE #1 AND POLICE OFFICER JOHN DOE #2

27. Paragraphs 1-26 are incorporated by reference, as though fully set forth at length.

28. As detailed above, defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2 entered into a conspiracy to harm the Plaintiff and deny the Plaintiff of his constitutional rights and privileges under the Constitution of the United States.

29. As detailed above, defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2 performed overt acts in furtherance of the conspiracy.

30. The conspiracy directly and proximately resulted in harm to the Plaintiff, including the deprivation of his rights and privileges under the United States Constitution.

31. The Plaintiff believes and therefore avers, that defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2 provided intentional as well as unintentional support to the conspiracy to deprive Plaintiff of his constitutional rights.

32. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants Police Officer John Doe #1 and/or Police Officer John Doe #2, Plaintiff suffered damages.

33. The actions of the defendants, Police Officer John Doe #1 and/or Police Officer John Doe #2, in their individual capacities, were so intentional and malicious, and displayed such a reckless indifference to the Plaintiff's rights and well-being, that punitive damages are warranted.

**WHEREFORE**, Plaintiff, Jesus Soberal, demands compensatory and punitive damages against defendants, Police Officer John Doe #1 and Police Officer John Doe #2, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT IV - 42 U.S.C. §1983
## CUSTOM, POLICY AND PRACTICE - MONELL CLAIM
## JESUS SOBERAL v. CITY OF PHILADELPHIA

34. Paragraphs 1-33 are incorporated by reference, as though fully set forth at length.

35. The Plaintiff, Jesus Soberal, believes and therefore avers that defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence in the use of excessive force by its police officers; particularly against individuals who are already being detained at the police station, and in systematically verbally and physically abusing individuals who complain about the conditions of their confinement, and subjecting them to the same type of treatment to which plaintiff was subjected, which policy constitutes unlawful seizures and the use of excessive force in violation of the Fourteenth Amendment of the United States Constitution.

36. The Plaintiff believes and therefore avers that defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and/or discipline officers, including the individual defendants, regarding constitutional restraints on the use of force, which policy violates the Fourteenth Amendment of the Constitution of the United States.

37. The defendant, City of Philadelphia, has been deliberately indifferent to the rights of citizens to be free from the use of excessive force, in violation the plaintiff's rights under the Fourteenth Amendment of the Constitution of the United States.

38. The Plaintiff believes and therefore avers, that at the time of the aforementioned incident, defendant, City of Philadelphia, knew or should have known of the above described policy, practice and/or custom of the Philadelphia Police Department, and

that it deliberately, knowingly, and recklessly failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, discipline, and control of the officers, agents, and/or employees of the City of Philadelphia Police Department, including the named defendants.

39. The Plaintiff believes and therefore avers that the defendants, City of Philadelphia, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of failing to properly investigate matters in which officers unlawfully used unjustifiable and/or excessive force, which allows for and results in an encouragement to officers within the Philadelphia Police Department to continue doing same, and creates policies, practices and/or customs allowing officers to proceed in this manner and creates an atmosphere for the allowance of the use of excessive force without fear of punishment.

40. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendants, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the Plaintiffs' rights under Fourteenth Amendment of the Constitution of the United States.

41. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendant, City of Philadelphia, Plaintiff suffered injuries as described above.

WHEREFORE, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff, Jesus Soberal, demands compensatory damages against defendant, City of Philadelphia, in an amount sufficient to fairly and adequately compensate the plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

ABRAMSON & DENENBERG, P.C.

BY: _____
ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA  19107
215-546-1345